USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY CRIVELLO RUSSO,

                Plaintiff,

-v-

JAN B. GOLDING, *police officer*, JOHN DIMILIA, *sergeant*, DARRELL ALGARIN, *police officer*, MICHAEL GUEDES, *police officer*, JOSEPH VOUSDEN, *police officer*, and KEVIN M. CHORZEMPA, *police officer*,

                Defendants.

No. 07-CV-5795 (KMK) (MDF)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, U.S. District Judge:

    Plaintiff Anthony Crivello Russo ("Plaintiff") commenced this action pro se on June 19, 2007, alleging that Defendants violated Plaintiff's constitutional rights in the course of executing an arrest of him.[1] Named Defendants are John Dimilia, Darrell Algaren, and Michael Guedes ("Wallkill Defendants") and Jan Golding, Joseph Vousden, and Kevin Chorzempa ("State Police Defendants").[2] Plaintiff seeks to recover damages under 42 U.S.C. § 1983 and under state law.

    On September 27, 2007, Plaintiff filed an Amended Complaint, clarifying that this action arose specifically from conduct relating to an arrest on December 24, 2004, at approximately 5:50 a.m. (Am. Compl. ¶ 1.) Plaintiff variously alleges that the arrest involved "excessive force" and constituted an "aggravated assault;" that a "warrantless search of his home" was

---

[1] Broadly construed, the Amended Complaint can be read to allege violation of the Fourth Amendment by malicious prosecution, false arrest and/or imprisonment, unreasonable search and seizure, and excessive force; violation of First Amendment rights; and violation of Fifth and Fourteenth Amendment rights to due process and equal protection.

[2] Defendant Darrell Algaren is captioned in the Amended Complaint as "Darrell Algarin" although the Court employs the spelling used by his counsel.

conducted incidental to the arrest; that the subsequent prosecution of him was "vindictive"; that the trial judge acted with "bias" in the course of setting his bail; that the trial judge improperly disallowed him from firing his attorney and proceeding pro se; and that the sentence imposed by the judge constituted "false imprisonment." (*Id.*)

In November 2007, the Wallkill Defendants and the State Police Defendants moved separately pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims against them except for the excessive force claims against the Wallkill Defendants. The Motions were referred to Magistrate Judge Mark D. Fox for report and recommendation, and Judge Fox held oral argument on them on January 4, 2008.[3] On February 11, 2008, Magistrate Judge Fox issued a thorough Report and Recommendation (R&R), recommending that the Court grant Defendants' Motions, dismissing all claims except those for excessive force against the Wallkill Defendants.

On February 14, 2008, Plaintiff filed a document titled "Plaintiff's Opposition to Report and Recommendation and Judicial Notice and Affidavit" ("Plaintiff's Objections"). Because Plaintiff is pro se, the Court construes his pleadings liberally. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). The Court reviews de novo those aspects of the R&R to which a party has raised timely and specific Objections, with the balance subject to review for clear error only. *See* Fed. R. Civ. P. 72(b)(3).

First, Plaintiff's Objections clearly acknowledge that he was convicted of an offense in connection with the arrest of which he complains, although he contends that "the conviction" should be viewed by the Court as "a validation of plaintiff's complaint." As Judge Fox

---

[3] This case was initially managed pursuant to the Standing Order of Chief Judge Kimba M. Wood dated December 19, 2006. (Dkt. No. 4.) On August 6, 2007, it was reassigned to this Court.

2

explained, however, the law commands that the conviction lead to the opposite conclusion. The Supreme Court announced in *Heck v. Humphrey*:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994) (internal footnotes omitted). Thus, Plaintiff's malicious prosecution, false arrest and imprisonment, unreasonable search and seizure, First Amendment retaliation, and due process claims all collapse based on Plaintiff's conviction. *See Younger v. City of New York*, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007) (stating that where there is valid criminal conviction, *Heck* precludes Section 1983 damages premised on First Amendment claims; Fourth Amendment claims for false arrest, false imprisonment, and malicious prosecution; and Fourteenth Amendment due process and equal protection claims); *Duamutef v. Morris*, 956 F. Supp. 1112, 1116-17 (S.D.N.Y. 1997) (applying *Heck* to dismiss Section 1983 claims premised on malicious prosecution, First Amendment retaliation, and false arrest).[4]

---

[4] As cogently explained by Magistrate Judge Fox, Plaintiff's First Amendment retaliation and equal protection claims "coalesce" because Plaintiff's equal protection claim is premised on the contention that Defendants' actions were prohibited by the First Amendment. (R&R 10-11.) *See Reckson Operating P'ship v. N.Y. State Urban Dev. Corp.*, No. 01-CV-1249, 2006 WL 2015971, at *6 (S.D.N.Y. July 12, 2006). Therefore, the invalidity of the First Amendment claim precludes the dependent equal protection claim. *See id.; see also Kempkes v. Downey*, No. 07-CV-1298, 2008 WL 852765, at *6 (S.D.N.Y. Mar. 31, 2008) (holding that where Plaintiff's First Amendment claim has failed, dependent equal protection claim that has "coalesced" also fails).

3

Second, Plaintiff seeks to challenge the constitutionality of the statute under which he was convicted. Even if such a statutory challenge had merit, the Court cannot consider it in this Section 1983 action against these Defendants. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement . . . are the province of habeas corpus."); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (holding that claims seeking to challenge a criminal conviction "fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983").

Third, Plaintiff raises procedural challenges to his conviction, suggesting that the jury verdict was inconsistent. Whatever the merits of such claims, the Court cannot consider them in this civil rights action. *See Heck*, 512 U.S. at 486-87; *Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only § 2254(b) with its exhaustion requirement may be employed.").

Lastly, in his Objections, Plaintiff apparently seeks to introduce a new claim that "Officer Golding conspired with Algarin to *cover up*" crimes that they allegedly committed. Defendants urge the Court not to consider this claim, or alternatively to dismiss it as conclusory. The Second Circuit has held that a "'complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'" *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (quoting *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983)). Whether or not Plaintiff could allege facts to state a plausible conspiracy claim, Plaintiff's statements in his Objections are insufficient to do so.

Reviewing the remainder of the R&R for clear error only (specifically, determinations by Magistrate Judge Fox on the excessive force claims against the State Police Defendants and all state law claims), the Court finds no such error.

4

Plaintiff shall have until August 1, 2008, to seek leave from the Court to further amend his Complaint in light of the R&R issued by Magistrate Judge Fox and of this Order. *Cf. Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (stating that a court must evaluate motion for leave to amend by determining whether proposed amendment could withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Unless Plaintiff timely seeks and receives such leave, the only claim remaining in the case is Plaintiff's Section 1983 claim for excessive force against Defendants John Dimilia, Darrell Algaren, and Michael Guedes.

Accordingly, it is:

> ORDERED that the Report and Recommendation of Magistrate Judge Fox dated February 11, 2008, is adopted in its entirety; and it is further
>
> ORDERED that Plaintiff's claims against the Wallkill Defendants other than the excessive force claim, together with all of Plaintiff's claims against the State Police Defendants, are dismissed without prejudice to Plaintiff seeking and receiving leave to replead them; and it is further
>
> ORDERED that the Clerk of Court is respectfully directed to terminate Jan Golding, Joseph Vousden, and Kevin Chorzempa as Defendants to this case and to terminate the pending motions (Dkt. Nos. 23, 27); and it is further
>
> ORDERED that Plaintiff shall have until August 1, 2008, to seek leave from the Court to further amend his Complaint.

SO ORDERED.

Dated:    June 12, 2008
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

## Service List

**Copies To Be Mailed By Clerk's Office:**

Mr. Anthony Crivello Russo
(05-A-5228)
Mid-State Correctional Facility
P.O. Box 2000
Marcy, N.Y. 13403
*Plaintiff Pro Se*

John E. Knudsen, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, N.Y. 10271-0332
*Counsel for State Police Defendants*

Jennifer E. Sherven, Esq.
Steven Charles Stern, Esq.
Steven Verveniotis, Esq.
Miranda Sokoloff Sambursky Slone Verveniotis LLP
The Esposistio Building
240 Mineola Boulevard
Mineola, N.Y. 11501
*Counsel for Wallkill Defendants*

**Courtesy Copy To:**

Hon. Mark D. Fox
United States Magistrate Judge